**Joseph Bakhos Esq,**
**State Bar Number: 327036**
17221 E. 17th St., Ste #F
Santa Ana, CA 92705
Telephone: [714]-617-5868
Email Address: jbakhoslaw@yahoo.com
**Attorney for Plaintiff**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT SANCHEZ,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>JOE'S AUTO CENTER, a business entity; YOUSEF AWAIDA, an individual,<br><br>　　　　Defendants, | Case No.: 8:23-cv-00930-AB-DFM<br><br>**MOTION FOR ENTRY OF DEFAULT JUDGMENT BY COURT AGAINST:**<br><br>JOE'S AUTO CENTER<br>YOUSEF AWAIDA<br><br>**[Fed.RulesCiv.P. Rule 55(b)]**<br>**Date: 01/12/2024**<br>**Time: 10:00 a.m.**<br>**Judge: The Honorable Judge André Birotte Jr.** |

TO THE JUDGE OF THE UNITED STATES DISTRICT COURT:

As provided by Rule 55 of the Federal Rules of Civil Procedure, plaintiff ROBERT SANCHEZ, an individual, requests that the court enter the default judgment against the following defendants for failure to plead or otherwise defend against this action in a timely manner:

JOE'S AUTO CENTER

YOUSEF AWAIDA

The above-named defendants have failed to answer, plead or otherwise respond to this complaint by the plaintiff.

1

**APPLICATION FOR ENTRY OF DEFAULT JUDGMENT BY COURT**

Accordingly, on 09/15/2023 the clerk of the court entered a default as to each of the above-mentioned defendants. Judicial notice of this default by clerk per Rule 55(a) of the Federal Rules of Civil Procedure is requested per Rule 201 of the Federal Rules of Evidence.

The plaintiff now applies for a default judgment by the court against all of the abovementioned defendants, jointly and severally.

This request for default judgment is based on the attached supporting declaration(s), the memorandum of points and authorities, and on such other oral or written evidence as may be required.

Dated: 11/7/2023

_____
Joseph Bakhos
Attorney for Plaintiff

**APPLICATION FOR ENTRY OF DEFAULT JUDGMENT BY COURT**

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendants own, operate, lease and offer a place of public accommodation, namely, an auto store to the general public. Under the Americans with Disabilities Act (ADA), it is an act of discrimination for any person(s) who owns, leases (or leases to), or operates a place of public accommodation to deny the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

> a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations. 42 U.S.C. § 12182(b)(2)(A)(ii).
>
> b. A failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities… where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the Americans with Disabilities Act Accessibility Guidelines "ADAAG", found at 28 C.F.R., Part 36, Appendix D.
>
> c. A failure to design and construct facilities for first occupancy later than 30 months after July 26, 1990, that are readily accessible to and usable by individuals with disabilities, except where an entity can demonstrate that it is structurally impracticable to meet the requirements of such subsection in accordance with standards set forth or incorporated by reference in regulations issued under this subchapter. 42 U.S.C. § 12183(a)(i).
>
> d. With respect to a facility or part thereof that is altered by, on behalf of, or for the use of an establishment in a manner that affects or could affect the usability of the facility, or part thereof, a failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals who use wheelchairs. Where the entity is undertaking

3

**APPLICATION FOR ENTRY OF DEFAULT JUDGMENT BY COURT**

an alteration that affects or could affect usability of or access to an area of the facility containing a primary function, the entity shall also make the alterations in such a manner that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains servicing the altered area, are readily accessible to and usable by individuals with disabilities where such alterations to the path of travel or the bathrooms, telephones, and drinking fountains serving the altered area are not disproportionate to the overall alterations in terms of cost and scope (as determined under criteria established by the Attorney General). 42 U.S.C. § 12183(a)(ii).

Pursuant to 28 C.F.R., Part 36, § 4.1.2 (Accessible Sites and Exterior Facilities: New Construction) and § 4.1.6 (Alterations; Parking and Passenger Loading Zones), a business or privately owned facility that provides goods or services to the public has an obligation to remove barriers to access in existing parking lots when readily achievable. Restriping accessible parking spaces and erecting necessary signs is relatively inexpensive and is, therefore, readily accessible to JOE'S AUTO CENTER, who have dominion and control of the parking lot spaces and, therefore, restriping a van access space and placing visible handicap signs would be readily achievable and necessary to prevent or cure a violation of the Americans with Disabilities Act [ADA]. Defendants have failed to meet these requirements and, therefore, violate the ADA and discriminate against disabled patrons.

Defendants are persons who own, operate, lease or lease to a place of public accommodation. Defendants are required to avoid discrimination and have specific duties to (1) ensure that all construction, alteration, or modification is barrier free and complies with the Americans with Disabilities Act Accessibility Guidelines (ADAAG); and/or (2) remove all existing barriers where such removal is "readily achievable," and/or (3) to provide alternatives to barrier removal. The Defendants have failed to meet these obligations.

Plaintiff therefore requests that this honorable court order the defendants to correct the code violations, namely, a) put in a fully compliant handicap parking space, including a proper sign, and including proper van access striping.

4

**APPLICATION FOR ENTRY OF DEFAULT JUDGMENT BY COURT**

Plaintiff also requests that the court impose a monetary penalty against the defendants, and each of them, liable jointly and severally, in the maximum amount authorized by the relevant laws, at least $4000.00, plus costs of $600 and reasonable attorney's fees of $3,000.00, for a total of $7,600.00, payable to the plaintiff.

Dated: 11/7/2023

_____
Joseph Bakhos
Attorney for Plaintiff

5

**APPLICATION FOR ENTRY OF DEFAULT JUDGMENT BY COURT**

**Joseph Bakhos Esq,**
**State Bar Number: 327036**
17221 E. 17th St., Ste #F
Santa Ana, CA 92705
Telephone: [714]-617-5868
Email Address: jbakhoslaw@yahoo.com

**Attorney for Plaintiff**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT SANCHEZ,<br><br>                    Plaintiff,<br><br>vs.<br><br>JOE'S AUTO CENTER, a business entity;<br>YOUSEF AWAIDA, an individual,<br><br>                    Defendants | **Case No.: 8:23-cv-00930-AB-DFM**<br><br><br><br>**DECLARATION OF ROBERT SANCHEZ IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT** |

   I, ROBERT SANCHEZ, declare under penalty of perjury, pursuant to 28 U.S.C. §1746, that the following statements are true and correct:

   I am the Plaintiff in this case and I have personal knowledge of the matters stated in this declaration.

   This Declaration is being submitted in support of my Motion for Default Judgment by this Court against Defendants JOE'S AUTO CENTER, a business entity; YOUSEF AWAIDA, an individual, ("Defendants")

//

6

**APPLICATION FOR ENTRY OF DEFAULT JUDGMENT BY COURT**

### Defendant JOE'S AUTO CENTER

The above-named defendant has failed to answer, plead or otherwise respond to this complaint by Plaintiff.

Accordingly, on 09-15-2023 the clerk of the court entered a default as to the abovementioned defendant. Judicial notice of this default by clerk per Rule 55(a) of the Federal Rules of Civil Procedure is requested per Rule 201 of the Federal Rules of Evidence.

The Plaintiff now applies for a default judgment by the court against the abovementioned defendant.

This defendant is not an infant or incompetent person. To the best of my knowledge, the Servicemembers Civil Relief Act (50 U.S.C. App. § 521) does not apply. Plaintiff will serve a notice of this motion on the defaulting party.

This request for default judgment is based on the attached supporting declaration(s), the memorandum of points and authorities, and on such other oral or written evidence as may be required.

### Defendant YOUSEF AWAIDA

The above-named defendant has failed to answer, plead or otherwise respond to this complaint by Plaintiff.

Accordingly, on 09-15-2023 the clerk of the court entered a default as to the abovementioned defendant. Judicial notice of this default by clerk per Rule 55(a) of the Federal Rules of Civil Procedure is requested per Rule 201 of the Federal Rules of Evidence.

The Plaintiff now applies for a default judgment by the court against the abovementioned defendant.

This defendant is not an infant or incompetent person. To the best of my knowledge, the Servicemembers Civil Relief Act (50 U.S.C. App. § 521) does not apply. Plaintiff will serve a notice of this motion on the defaulting party.

This request for default judgment is based on the attached supporting declaration(s), the memorandum of points and authorities, and on such other oral or written evidence as may be required.

**APPLICATION FOR ENTRY OF DEFAULT JUDGMENT BY COURT**

I, Plaintiff, now apply for a default judgment by the court against the abovementioned defendant.

Dated: 11/7/2023

                                          */s/ Robert Sanchez,* _____
                                             ROBERT SANCHEZ,
                                                     Plaintiff

**APPLICATION FOR ENTRY OF DEFAULT JUDGMENT BY COURT**