UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 8:23-cv-00930-AB-DFM | Date: | January 11, 2024 |
|---|---|---|---|

| Title: | Robert Sanchez v. Joes Auto Center, et al. |
|---|---|

Present: The Honorable  **ANDRÉ BIROTTE JR., United States District Judge**

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** [In Chambers] ORDER **STRIKING** PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [Dkt. No. 17] AND **SANCTIONING** PLAINTIFF'S COUNSEL

Before the Court is Plaintiff Robert Sanchez's ("Plaintiff") Motion for Default Judgment against Defendants Joes Auto Center and Yousef Awaida (collectively, "Defendants"). ("Motion," Dkt. No. 17.) Plaintiff's Complaint asserts claims under the Americans with Disabilities Act ("ADA"), the California Unruh Civil Rights Act ("Unruh Act"), the California Disabled Persons Act ("CDPA), and a claim for negligence, based on allegations that Defendants' auto store parking lot was not in compliance with the American with Disabilities Act Standards.

The Court finds this matter appropriate for decision without oral argument and therefore **VACATES** the hearing set for January 12, 2024. *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. For the following reasons, the Court **STRIKES** the Motion and **SANCTIONS** Plaintiff's counsel in the amount of $300.

It appears that Plaintiff's counsel has submitted a form Motion for Default Judgment that has been previously stricken by this Court for various deficiencies. *See Ruben Paul Gonzales v. The Juke Joint, et al.*, 8:19-cv-02058-AB-JDE (C.D. Cal. Apr. 21, 2020) (Birotte, J.). Plaintiff's counsel merely changed the parties' names and dates in the form motion and made no attempt to fix the deficiencies previously identified by this Court. *See id*. Specifically, this Court provided, in relevant part:

> The Motion is also substantively deficient. The Motion fails to address the standard set forth in *Eitel v. McCool*, 792 F.2d 1470, 1471-72 (9th Cir. 1986). The Local Rule 55-1 declaration was signed by Plaintiff, a layperson, even though the declaration makes representations regarding legal conclusion that a layperson is not qualified to make. Counsel should make the declaration. Furthermore, in addition to seeking $4,000 in statutory damages, the Motion seeks an award of $4,000 in attorneys' fees and $600 in costs without any evidentiary support for these amounts. The Court will certainly not render an award lacking support. The Court admonishes counsel for all of the errors and misfilings reflected on the docket. Sorting through these errors unnecessarily consumes scarce court resources. The Court urges counsel to do better going forward or sanction or summary denials may issue.

Accordingly, the instant Motion is substantively deficient. First, Plaintiff has failed to conduct the requisite legal analysis to demonstrate that entry of default judgment is proper in this case. Plaintiff does not mention the *Eitel* factors in his brief, much less apply the factors to this case. Second, Plaintiff has not submitted any evidence with his Motion substantiating alleged violations to establish their existence. The Complaint alleges that Defendants' parking lot has no handicap parking space, no signs posted to indicate the location and reservation of handicap parking, and no van access space. Compl. ¶ 7. However, Plaintiff has not submitted evidence establishing the conditions of Defendants' parking lot and how those conditions violate the law. Furthermore, Plaintiff seeks an award of $3,000 in attorneys' fees and $600 in costs; and again, fails to provide any evidentiary support for the amounts requested.

The Motion is also procedurally deficient. Plaintiff has failed to include a Notice of Motion as required by Local Rule 6-1. The Motion includes a Local Rule 55-1 declaration made by Plaintiff, instead of counsel, regarding legal conclusions

that Plaintiff is not qualified to make. Additionally, the record does not reflect that Plaintiff has provided Defendants with notice of the Motion, as required by Local Rules 55-1 and 55-2. Plaintiff requests $4,000 in damages, which constitutes statutory damages for a single violation of the Unruh Act. *See* Mot. at 5. Accordingly, Plaintiff was required to provide notice of the Motion. Despite the Clerk's Office issuing a Notice of Deficiency on November 13, 2023 indicating that the Motion is missing a proof of service (Dkt. No. 19), Plaintiff has still neglected to establish that Defendants have been provided with notice of the Motion.

In light of these deficiencies, the Court **STRIKES** Plaintiff's Motion for Default Judgment.

The Court has previously advised Plaintiff's counsel "to do better" or sanctions may be issued. For the foregoing reasons, the Court **SANCTIONS** Plaintiff's counsel in the amount of **$300**. Payment shall be made to the Clerk's Office within 7 days of this Order.

Plaintiff may file a renewed Motion for Default Judgment by **January 19, 2024**. The Motion must include an adequate analysis addressing the *Eitel* factors and discuss any relevant evidence in the record. Any request for attorneys' fees and costs must be supported by evidence and omit time spent on correcting counsel's own errors, or the request will be denied. If Plaintiff fails to timely file a renewed motion, the case will be dismissed for lack of prosecution without further notice.

**IT IS SO ORDERED.**


CC: Fiscal